EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HOLCIM SOLUTIONS AND
PRODUCTS US, LLC,

                  Plaintiff,                  Case No. 1:25-cv-10690

v.

CENTRAL GC, INC. and REST ASSURED    Honorable Thomas L. Ludington
ROOFING AND RESTORATION, INC.,        United States District Judge

                  Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Currently before the Court is Plaintiff Holcim Solutions and Products US, LLC's Motion for a Default Judgment against Defendants Central GC, Inc. and Rest Assured Roofing and Restoration, Inc. As explained below, Plaintiff's Motion will be granted, and judgment will be entered against Defendants for $916,389.84.

**I.**

At some unknown time, Duro-Last—a roofing manufacturer based in Saginaw, Michigan—entered into a "Dealer/Contractor Agreement" (the "Agreement") with Central GC, Inc. d/b/a Rest Assured Roofing (RAR)—a roofing sales and installation company based in New York.[1] ECF No. 1 at PageID.5–6. Relevantly, this Agreement provided that Duro-Last would sell its roofing systems to RAR and that RAR would, in turn, sell the roofing systems to end users. *Id.* Duro-Last gave RAR the right to use its name, branding, and trademark in connection with its advertisement and sales. *Id.* In exchange, RAR agreed to "energetically sell and promote" Duro-

---

[1] Plaintiff's Counsel avers that, although Defendants "are technically separate corporations," they "utilized the two names interchangeable and operated as a single" entity. ECF No. 19 at PageID.150.

Last's roofing systems. *Id.* In terms of price provisions, the Agreement simply stated that "[p]rices are F.O.B., [Duro-Last's] plant, subject to the price in effect at the time of shipment, at the manufacturer's regular terms." *Id.* Yet RAR agreed to "promptly pay all invoices from Duro-Last . . . at regular terms." *Id.*

On March 12, 2025, Duro-Last's alleged successor by merger, Holcim Solutions and Products U.S., LLC ("Holcim"), filed a five-page complaint alleging Central GC, Inc. and RAR breached the Agreement by failing to pay subsequent invoices. As alleged, Defendant owes Plaintiff $916,389.84. *Id.* at PageID.2.

Plaintiff served both Defendants in late April 2025. ECF Nos. 4; 5. But neither responded. So the Clerk's Office issued an entry of default on May 6, 2025. ECF No. 8. Plaintiff then filed a request for default judgment. ECF No. 9. But the Clerk's Office denied Plaintiff's first request because it improperly included attorney's fees. ECF No. 10. On May 7, 2025, Plaintiff filed its second request for default judgment. ECF No. 11. But the Clerk's Office denied this request, too, because the "requested amount [could not] be verified." ECF No. 12; *see also* E.D. Mich. LR 55.2(a) (requiring requests for default be accompanied by an affidavit which sets forth a "sum certain or the information necessary to allow the computation of a sum certain"). So Plaintiff tried a third time. ECF No. 13. And a fourth. ECF No. 14. But the Clerk's Office denied both requests, repeating that the requested amount could not be verified. ECF Nos. 14; 16.

So, on May 28, 2025, Plaintiff filed a Motion for Default Judgment under Rule 55(b)(2). ECF Nos. 17; 18. Plaintiff's Counsel—attorney Craig Horn—filed an affidavit and over 600 pages of attached invoices dating from early 2018 through mid-2024 to substantiate the nearly $1,000,000 requested default judgment. ECF No. 19. Exhibit A categorizes all invoices into 21

distinct projects, Exhibit B provides an itemized list of all invoices, and Exhibit C contains the invoices themselves. *See generally id.*

## II.

Civil Rule 55(b) governs default judgment. This Rule has two main parts. The first—Rule 55(b)(1) applies when there is "no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Foreman v. United States*, No. 22-10401, 2022 WL 4130864, at *4 (E.D. Mich. Sept. 12, 2022) (citing *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003)). In other words, Rule 55(b)(1) applies "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1). The plaintiff seeking a default judgment has the burden of showing sum certainty through an affidavit. *Foreman*, 2022 WL 4130864, at *4. If the plaintiff seeking a default judgment satisfies this showing, *the Clerk's Office* "must" enter judgment in the requested amount.[2] FED. R. CIV. P. 55(b)(1); *see also State Farm Fire & Cas. Co. v. Avant Styles LLC*, No. 3:20-cv-00300, 2021 WL 981552, at *4 (M.D. Tenn. Mar. 16, 2021) (denying Rule default judgment application where plaintiff provided insufficient evidence for the Clerk to establish a sum certain claim for damages); *Nat'l Auto Grp., Inc. v. Van Devere, Inc.*, No. 5:20-CV-2543, 2021 WL 1857143, at *2 (N.D. Ohio May 10, 2021) (same). Indeed, when sum certainty is shown, "the Court [is] not[] responsible for entering a default judgment." *Foreman*, 2022 WL 4130864, at *4.

But, under Civil Rule 55(b)(2), the Court is responsible for entering a default judgment "[i]n all other cases[.]" FED. R. CIV. P. 55(b)(2). When a sum is not certain, the Court cannot accept as true a plaintiff's allegations and must, instead, "conduct an [independent] inquiry . . . to ascertain

---

[2] Inapplicable here, the Clerk's Office should not enter a default judgment against minor or incompetent defendants. FED. R. CIV. P. 55(b)(1).

the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). Indeed, the Civil Rules expressly allow judicial fact-finding and authorize the Court to "conduct hearings" and "make referrals" to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation; or (D) investigate any other matter. FED. R. CIV. P. 55(b)(2).

### III.

Plaintiff's Motion for a Default Judgment will be granted. For starters, Plaintiff's claim for $916,389.84 is "certain by computation," albeit a time-consuming computation. FED. R. CIV. P. 55(b)(1). Plaintiff provided a concise overview and itemized list of Defendants' unpaid invoices. *See* ECF No. 19-2 at PageID.152–81. Most importantly, Plaintiff provided nearly 600 pages of the unpaid invoices themselves.[3] *See id.* at PageID.183–750. Invoices support a requested sum with certainty. *See, e.g.*, *Hosn v. Fly Baghdad Airline*, No. 20-13442, 2021 WL 7085169, at *2 (E.D. Mich. Sept. 28, 2021) (noting the certainty of a sum can be shown through "a contract, promissory note, written agreement, payment plan, invoice, etc."); *accord All Square Logistics, LLC v. Just Funky, LLC*, No. 5:24-CV-1721, 2025 WL 438831, at *3 (N.D. Ohio Feb. 10, 2025); *contra Kovalchuk v. City of Decherd*, No. 1:22-CV-154, 2022 WL 17420366, at *1 (E.D. Tenn. Dec. 5, 2022) (noting the uncertainty of sums to compensate for "the loss of human life, serious bodily injury, emotional distress, business losses, [or] personal injury claims").

---

[3] For reasons unknown, Plaintiff did not attach these invoices to any of its four requests for default judgment filed with the Clerk's Office. In its first three requests, Plaintiff did not provide any information to substantiate its requested sum whatsoever. *See* ECF No. 9; 11; 13. In its fourth request, Plaintiff provided some—but not all—of the relevant invoices. *Compare* ECF No. 15-1 *with* ECF No. 19-2. So it makes sense that the Clerk's Office—presented with possibly incomplete information—could not verify the amount of Plaintiff's requested sum or concluded it was uncertain.

- 5 -

And even if the invoices did not reveal sum certainty, this Court's independent inquiry does. After receiving Plaintiff's Motion, this Court scheduled a conference with Plaintiff's Counsel on July 17, 2025. *See* ECF No. 20. In advance of this conference, the Court combed through the 600 pages of attached invoices between Duro-Last and RAR and confirmed the sum of these invoices to be $916,389.84, as Plaintiff's Counsel avers under the penalty of perjury.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 17, is **GRANTED.**

Further, it is **ORDERED** that **JUDGMENT IS ENTERED** against Defendants Central GC, Inc. and Rest Assured Roofing and Restoration, Inc. in the amount of **$916,389.84.**

**This is a final order and closes the above-captioned case.**

Dated: July 23, 2025                               s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge